GREGORIO CUADRADO CONCEPCIÓN, Plaintiff and Apellant, v. JOSÉ PUIG MORALES, Defendant and Appellee.

No. 8013. Argued July 3, 1939.—Decided July 26, 1939.

*José Benet Colón,* for appellant. *Brown, González & Newson* and *E. Córdova Díaz,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The dismissal of the appeal taken in this case is requested for the reason that the same has not been prosecuted with due diligence.

It appears from the certificate which is accompanied to the motion filed by the appellee that once a judgment dismissing the complaint had been entered on February 24, 1939, the same was notified to the losing party on March 3 following; that said party appealed on March 23, 1939, requesting on March 31 an extension of the period granted to him in order to prepare and file the transcript of the evidence, and the court on April 3 following, granted twenty days therefor; that on April 22, 1939, appellant again requested an extension of thirty days, the court granting his motion, and that to the date of the certificate—June 3, 1939—the transcript had not yet been filed in the office of the clerk nor an extension requested.

The appellant filed a pleading in opposition to the motion for dismissal. He alleges in substance that the certificate issued by the Clerk of the District Court of San Juan on June 3, 1939, accompanied to the motion for dismissal of the appellee, "does not conform to the truth of the pleadings and of the orders of the court as they appear from the record", and that he had filed a new motion for extension on May 23, 1939, the court having ordered on June 9, 1939, that said motion be remitted to the stenographer in order that he answer within ten days and once that his report be known the court would take action.

On July 3, 1939, counsel for both parties were heard in open court and the case was submitted to our consideration

and decision with an oral prayer of the appellant to the effect that this Court grant him a new term in view of the attendant circumstances.

We have seen that the appellant makes the imputation that the certificate of June 3, 1939, presented by the appellee, does not conform to the truth of the record, and he alleges that as the thirty days granted to the stenographer on April 24, 1939, had already elapsed, by means of a new and fourth motion of May 23, 1939, he stated the facts to the court and requested that the stenographer be compelled to fulfill his duty and that the court adopt any measure in harmony with what he stated in the motion.

We have examined the certificate of June 3, 1939, in relation to what was said by the appellant as well as the certificate of the record which he offers, and it does not appear that the same does not conform to the truth. On the contrary, what actually appears is that the motion of the appellant of May 23, 1939, was not filed in court until June 5, 1939, that is, the same day in which it appears that he was notified of the motion for dismissal and two days after the certificate accompanied had been issued.

It results then, of the record itself, that the last term which had been granted to the appellant to file the transcript expired without an extension having been requested or the transcript filed.

By virtue thereof, the appellee is right. And as all the terms reglamentary and of law allowed to perfect the appeal have elapsed without appellant having availed himself of them, the dismissal lies unless this Court grants within its discretion the new term which was requested at the last moment.

Is there any ground for the exercise of such discretion? We think there is none. It is true that we are concerned with a case in which the plaintiff is poor and where his lawyer has been struggling with the stenographer from the beginning, displaying, it seems, all diligence in order to obtain the

transcript, but it is also equally true that finally it was abandoned and he allowed the last and broad term granted to him to expire and then, instead of openly admitting his default and in harmony with the repeated decisions of this Court on the matter address himself directly to this Court in request of a new term explaining the reasons for his omission and stating clearly the merits of his case if it has any, he tried to impute a falsity to another and to give the impression of having directed himself to the court since May 23, when actually he did not do so until June 5.

The motion must be granted and in consequence thereof the appeal dismissed.

Mr. Justice Travieso took no part in the decision of this case.